IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEYANTA LAMONT MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:23-cv-00499 |
| ) | |
| JOHN DOE, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Keyanta Lamont Moore, a Virginia inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 civil rights action that was severed into separate lawsuits, including the above-captioned matter. (*See* Dkt. Nos. 1, 1-1.) The sole claim in this action is that two disciplinary charges brought against Moore were forged by unknown staff members, which Moore describes as a "federal offense." (Dkt. No. 1-1 at 8.) Moore does not identify who was involved in the alleged forgery, so the sole defendant is John Doe. (*Id.*)

This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Moore has failed to state a claim for which relief can be granted, and this action must be dismissed. Because it is possible that Moore—with additional factual allegations—may be able to state a due process claim, the court will give Moore the opportunity to file an amended complaint within thirty days asserting only that claim, should he so choose.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court,

in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Moore's complaint, the court concludes that does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

As noted, Moore appears to be attempting to assert a type of due process claim. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Where a plaintiff fails to identify a protectable liberty or property interest that the defendant's actions placed in jeopardy, he fails to establish that he is owed any level of procedural protection. *Montgomery v. Medie*, 535 F. Supp. 3d 522, 526 (E.D. Va. 2021). "We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty [or property] interest." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Moore's allegations fail to identify any liberty or property interest that was implicated by the alleged actions of the John Doe defendant in forging disciplinary charges against him. Therefore, Moore has failed to state an actionable due process claim.

For the foregoing reasons, the court will summarily dismiss Moore's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible due process claim, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, if he so chooses. Also, if Moore chooses to file an amended complaint, he may substitute any known defendant or defendants for the John Doe defendant.

An appropriate order will be entered.

Entered: October 12, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge